UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDON P.,

    Plaintiff,

    v.

FRANK BISIGNANO,
  COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 23 CV 52

Magistrate Judge McShain

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Brandon P. appeals the Commissioner of Social Security's decision denying his applications for benefits. For the following reasons, plaintiff's motion to reverse the Commissioner's decision [15] is granted, the Commissioner's motion for summary judgment [18] is denied, and the case is remanded for further administrative proceedings.[1]

**Background**

    In February 2020, plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income, alleging an onset date of November 1, 2017. [12-1] 19. The claims were denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [*Id.*] 19-31. The Appeals Council denied review in November 2022, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

    The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. [12-1] 21. At step two, the ALJ determined that plaintiff has the following severe

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [12-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [8].

impairments: bilateral hip labral tears with impingement, s/p arthroscopic surgeries, s/p left hip arthroplasty, degenerative joint disease of the left shoulder, mood disorder due to another medical condition with depressive features, and anxiety. [*Id.*] 22. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 22-24. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform sedentary work except that plaintiff could (1) lift up to twenty pounds occasionally and up to ten pounds frequently; (2) stand or walk for up to two hours per eight-hour work day; (3) sit for up to six hours per eight-hour work day; (4) frequently reach, handle objects, and finger; and (5) perform simple and routine tasks. [*Id.*] at 24-30. At step four, the ALJ held that plaintiff could not perform his past relevant work. [*Id.*] at 30. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: sorter (15,000 jobs), inspector (11,000 jobs), and assembler (10,000 jobs). [*Id.*] at 30-31. Accordingly, the ALJ ruled that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the denial of benefits should be reversed because the ALJ erred in (1) evaluating the opinion of his primary care physician, Dr. Angelo Miele; (2) determining his RFC; and (3) evaluating his subjective symptom allegations. [15] 3-15. The Court agrees that the ALJ failed to properly evaluate Dr. Miele's opinion and will remand the case for further proceedings.[3]

An ALJ "will not defer or give any specific weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from a [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ will explain "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings[.]" 20 C.F.R. § 404.1520c(b). In deciding how persuasive a given opinion or finding is, the ALJ considers "supportability,

---

[3] Because this issue is dispositive, the Court does not reach plaintiff's other arguments.

consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict" the opinion or finding. *Victor F. v. Kijakazi*, No. 22 C 1451, 2023 WL 2429357, at *3 (N.D. Ill. Mar. 9, 2023). "Supportability and consistency are the two most important factors." *Id.* "An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors." *Id.* An ALJ need only "minimally articulate" her reasoning for crediting or discrediting medical opinions. *Grotts v. Kijakazi*, 27 F.4th 1273, 1276 (7th Cir. 2022).

Dr. Miele prepared a physical RFC questionnaire in October 2020. [12-1] 846-48. According to Dr. Miele, plaintiff's impairments caused the following work-related limitations: (1) constant interference with the attention and concentration needed to perform simple work; (2) ability to sit for no more than 10-15 minutes at a time before needing to get up and for less than two hours in an eight-hour work day; (3) ability to stand for five minutes at a time before needing to sit down and to sit for less than two hours in a work day; (4) very frequent need to take unscheduled breaks due to pain in joints; (5) ability to use his hands, arms, and fingers for only 25% of the work day to reach, grasp, and perform fine manipulations; (6) plaintiff was likely to experience good and bad days, but "mostly bad days"; and (7) absent for more than four days per month. *See* [*id.*].

The ALJ did not find Dr. Miele's opinion persuasive because "Dr. Miele does not refer to specific treatment notes to support or explain the basis for his opinion regarding absences and manipulative limitations." [12-1] 28-29. This explanation, such as it is, falls far short of providing even a minimal articulation of the ALJ's reasons for rejecting Dr. Miele's opinion.

First, the ALJ never discussed whether Dr. Miele's opinion was consistent with the "evidence from other medical sources and nonmedical sources[.]" 20 C.F.R. § 404.1520c(c)(2). The Commissioner argues that the ALJ's discussion of the medical evidence earlier in the decision demonstrates why the ALJ concluded that Dr. Miele's opinion was inconsistent with the record, and that the ALJ did not need to repeat that discussion when he evaluated Dr. Miele's opinion. *See* [18] 4-5. The Court agrees with the Commissioner that it must read the ALJ's decision as a whole, but that "does not mean that ALJs can recite the cold medical record upfront, and then make conclusions without analysis later in the opinion." *Rebecca M.B. v. Kijakazi*, No. 22 C 41, 2023 WL 3168894, at *4 (N.D. Ill. Apr. 28, 2023). That is especially true in this case because the ALJ's discussion of the record highlighted a good deal of evidence that was consistent with Miele's opinion. As the ALJ himself found, plaintiff (1) underwent bilateral hip surgery in February 2018 but continued to report "persistent hip pain with no improvement in symptoms despite physical therapy and injections"; (2) underwent a left hip revision arthroscopy in October 2019 "[d]ue to lack of improvement in pain with subsequent physical therapy and injections"; (3) continued to experience hip pain as of October 2020, despite several periods of reported

3

improvement, and ultimately underwent a left total hip arthroplasty in January 2021; (4) experienced pain with hip flexion and internal rotation within six weeks after this surgery, despite taking Tylenol and engaging in physical therapy; (5) "continued to improve but reported severe episodes of hip flexor pain on occasion"; (6) experienced difficulty with sleep due to pain, which led to an increase in his medication; and (7) was referred to a pain specialist in August 2021. *See* [12-1] 25-26; *see also* [*id.*] 932-32 (referral to pain specialist). The Court is simply unable to trace the path of the ALJ's reasoning from this evidence–all of which appears consistent with Dr. Miele's opinion–to the ALJ's supposed conclusion that Dr. Miele's opinion was inconsistent with the overall record. *See Sherise K. v. Dudek*, No. 24 C 11199, 2025 WL 1260831, at *2 (N.D. Ill. Apr. 30, 2025) ("The court has to be able to trace the path of the ALJ's reasoning.").

Second, even granting that Dr. Miele did not refer to specific treatment notes to support his opinion, the ALJ never addressed "if or how his consideration of the other objective medical evidence–namely, the copious treatment notes from Dr. [Miele] in the record–led him to discount Dr. [Miele's] opinions as unsupported." *Charlnette R. v. Dudek*, No. 23-cv-3184, 2025 WL 933840, at *5 (N.D. Ill. Mar. 27, 2025). This is a glaring error that, coupled with his failure to evaluate the consistency prong at all, seriously undermines the ALJ's decision that Dr. Miele's opinion was unsupported. *See Lakisha R. v. Kijakazi*, No. 20 C 7574, 2023 WL 2374974, at *3 (N.D. Ill. Mar. 6, 2023) (remanding where ALJ "failed to fulfill his obligation to articulate the reasons for his weighing of the state agency physicians' opinions with respect to supportability and consistency and further failed to build a logical bridge between the evidence and his conclusions").

Third, the ALJ did not address significant portions of Dr. Miele's opinion, such as the limits he imposed on plaintiff's ability to sit, stand, and complete simple tasks or plaintiff's need for very frequent breaks. *See* [12-1] 28-29 (finding only that manipulative limitations and absences from work were unsupported). The Commissioner argues that the ALJ was not required to address each component of Dr. Miele's opinion because applicable regulations permit the ALJ to offer a "source-level" analysis of his opinion. *See* [18] 5 (citing 20 C.F.R. §§ 404.1520c(b)(1) & 416.920c(b)(1)). The Court is not so sure about that,[4] but in any event "the ALJ *does*

---

[4] The "source-level" regulation at issue states that when "a medical source provides multiple medical opinion(s) . . . we will articulate how we considered the medical opinions . . . from that medical source together in a single analysis . . . We are not required to articulate how we considered each medical opinion . . . from one medical source individually." 20 C.F.R. § 404.1520c(b)(1). By its terms, this regulation would seem to apply only when a medical source provides "multiple opinions," *see, e.g.*, *Tammy L.B. v. Kijakazi*, Case No. 1:20-cv-2049-TWP-MG, 2021 WL 12310147, at *11 (S.D. Ind. Nov. 12, 2021) (ALJ's evaluation of two opinions provided by treating physician complied with "source-level" regulation), but here plaintiff is relying on a single RFC questionnaire prepared by Dr. Miele. *Accord Pospichal v. Kijakazi*, Case No. 21-CV-788-SCD, 2023 WL 2182378, at *7 (E.D. Wis. Feb. 23, 2023) (citing "source-level" regulation and concluding that "[n]othing in that regulatory section . . . permits

4

have an overarching responsibility to explain his decision regarding the connection between a medical opinion and the RFC, with enough thoroughness and clarity as is necessary for the Court to assess whether the ALJ's conclusions in the RFC are supported by substantial evidence. This includes addressing evidence that does not support the ALJ's conclusions and explaining why he rejected it." *Steven W. v. Kijakazi*, No. 20 C 7028, 2023 WL 2683446, at *5 (N.D. Ill. Mar. 29, 2023) (emphasis in original; internal citations omitted). By failing to address multiple components of the opinion for consistency and supportability, the ALJ did not discharge that responsibility.

In sum, the ALJ failed to evaluate whether Dr. Miele's opinion was consistent with the overall record, he did not consider whether the opinion was supported by Miele's own treatment notes, and he did not address multiple components of the opinion for consistency or supportability. The Court therefore concludes that the denial of benefits is not supported by substantial benefits.

## Conclusion

Plaintiff's motion to reverse and remand [15] is granted and defendant's motion for summary judgment [18] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: June 13, 2025**

---

an ALJ to ignore a portion of a medical opinion that is directly relevant to determining a claimant's RFC and that arguably suggests a disability").